**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JESUS RUIZ NICOLAS; OLIVIA PEREZ MONTEAGUDO, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER Jr., Attorney General, <br><br> Respondent. | No. 06-75125 <br><br> Agency Nos. A079-521-902 <br> A079-521-903 <br><br> MEMORANDUM [*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 16, 2010[**]

Before:     FERNANDEZ, GOULD, and M. SMITH, Circuit Judges.

   Jesus Ruiz Nicolas and Olivia Perez Monteagudo, husband and wife and

natives and citizens of Mexico, petition pro se for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

KS/Research

judge's ("IJ") decision denying their applications for cancellation of removal and denying their motion to continue. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to continue and de novo claims of due process violations in immigration proceedings. *Sandoval-Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir. 2008) (per curiam). We deny in part and dismiss in part the petition for review.

The agency did not violate due process by denying petitioners' motion to continue because petitioners did not establish good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for continuance for good cause shown); *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error for a due process violation).

We lack jurisdiction over petitioners' contention that the agency failed to evaluate their hardship evidence in the aggregate, because it does not amount to a colorable constitutional claim. *See Mendez-Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir. 2009).

We also lack jurisdiction over petitioners' challenge to the BIA's February 21, 2008, order because this petition for review is not timely as to that order. *See Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**